UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MARCUS DESHAWN KING,

        Petitioner,

        Case No. 2:19-cv-111

v.

        Honorable Robert J. Jonker

DANIEL LESATZ,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I. Factual allegations

Petitioner Marcus Deshawn King is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF) in Baraga County, Michigan. Petitioner pleaded guilty in the Wayne County Circuit Court to three counts of first-degree criminal sexual conduct (CSC-I). On September 27, 2017, the court sentenced Petitioner to concurrent prison terms of 16 to 40 years on each count.

On June 6, 2019, Petitioner filed his habeas corpus petition raising one ground for relief. Petitioner claims he was denied credit for time served prior to the court's imposition of sentence. (Pet., ECF No. 1, PageID.6.) The trial court described the underlying circumstances:

> In 2007, Mr. King had been identified, through DNA analysis, as a suspect in the 2001 criminal sexual conduct case at issue here. In 2007, Mr. King was already serving time in the Michigan Department of Corrections for five counts of criminal sexual conduct and one count of armed robbery. When Mr. King was released in approximately 2017, the People charged him with the 2001 crime. His trial counsel filed a motion to dismiss, based on a violation of his due process rights. This court denied the defendant's motion on September 5, 2017. Mr. King pled guilty on September 12, 2017, to three counts of criminal sexual conduct in the first degree. The court sentenced the defendant, pursuant to a sentencing agreement, to 16 to 40 years imprisonment.

(Wayne Cty. Cir. Ct. Op. and Order, ECF No. 1-1, PageID.19) (footnotes omitted).

Petitioner, through his initial appellate counsel, moved to withdraw his plea claiming that his trial counsel was ineffective in arguing the motion to dismiss, which was based on prearrest delay. (*Id.*, PageID.18.) After Petitioner's initial appellate counsel was replaced, substitute appellate counsel added to the motion a claim that Petitioner was entitled to credit for time served from 2007 until his 2017 release from incarceration. (*Id.*, PageID.19.)

The trial court judge rejected both claims. First, she concluded that Petitioner had waived his ineffective assistance of counsel claim relating to the motion to dismiss by way of his

2

guilty plea. (*Id.*, PageID.20.) Second, she determined that Mich. Comp. Laws § 769.11b permitted credit for time served only to the extent that time was served for the offense that is at issue when imposing sentence, i.e., the 2001 sexual assault. (*Id.*, PageID.20-21.)

The Michigan Court of Appeals denied Petitioner's application for leave to appeal, for lack of merit. *People v. King*, No. 345122 (Mich. Ct. App. Oct. 10, 2018) (available at http://publicdocs.courts.mi.gov/coa/public/orders/2018/345122(10)_order.pdf, visited October 12, 2019). The Michigan Supreme Court denied Petitioner's application for leave to appeal on April 2, 2019. (Mich. Order, ECF No. 1-1, PageID.23.) Petitioner then filed this petition.

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not

3

consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v Rodgers*, 569 U.S. 58, 64 (2013); *Parker v Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Credit for time served

There is no inherent constitutional right to credit against a sentence for the time served in pretrial detention. *Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008) ("A prisoner has no right under the federal constitution to earn or receive sentencing credits.") It is entirely a creature of statute. In Michigan, the credits flow from Mich. Comp. Laws § 769.11b: "Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." *Id*. Before Michigan enacted its sentencing credit statute in 1966, criminal defendants in Michigan were not entitled to any credit against their sentence for the time they were held in jail before being sentenced. *Gray v. Harry*, No. 1:07-cv-246, 2010 WL 3885441, at *16 n.8 (W.D. Mich. Mar. 2, 2010).

The trial court rejected Petitioner's proposition regarding "time-served" credit because Petitioner did not fall within the terms of the statute. The Michigan Court of Appeals rejected Petitioner's subsequent challenge to that determination as meritless.

As this Court has stated repeatedly, Petitioner's entitlement to jail credit under Mich. Comp. Laws § 769.11b is a question of state law.[1] "[A] federal court may issue the writ to

---

[1] *Gray v. Curtin*, No. 1:09-cv-959, 2013 WL 6327824, at *11 (W.D. Mich. Dec. 5, 2013) ("Petitioner's assertion that he was entitled to jail credit under Mich. Comp. Laws § 769.11b is a question of state law."); *Pryor v. Smith*, No.

5

a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5.

Petitioner's challenge derives not from the federal constitution, but from state law. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). "'[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). The state courts' determinations that Petitioner is not entitled to credit for time served from 2007 to 2017 and that his contrary contention is meritless are binding on this Court.

---

1:11-cv-739, 2011 WL 4036669, at *1 (W.D. Mich. Sep. 12, 2011) ("'Because Petitioner's claim challenges the interpretation and application of a state crediting statute, it is not cognizable on federal habeas review.'"); *Fisher v. Bell*, No. 2:09-cv-246, 2011 WL 8473009, at *6 (W.D. Mich. Jul. 13, 2011) ("Petitioner claims he was denied credit for the time spent in jail between arrest and sentencing on the new offenses. Petitioner cites MCL 769.11b . . . . This claim is a challenge to the application and interpretation of state law and should be deemed non-cognizable on habeas review."); *Weil v. Howes*, No. 1:07-cv-401, 2010 WL 3431660, at *3 (W.D. Mich. July 19, 2010) ("Petitioner's claim that the trial court erred by failing to give him credit [under Mich. Comp. Laws § 769.11b] for time served before sentencing is not cognizable on federal habeas review."); *Willavize v. Howes*, No. 1:09-cv-62, 2009 WL 4639483, at *3 (W.D. Mich. Dec. 2, 2009) ("Petitioner challenges the Michigan court's interpretation of state statutes governing sentence credit and parole. It is well-settled that state law issues are not cognizable on federal habeas review."); *Quinn v. Curtin*, No. 1:09-cv-983, 2009 WL 4021117, at *4 (W.D. Mich. Nov. 19, 2009) ("Petitioner's claim challenging the state court's interpretation of a state sentencing statute[, Mich. Comp. Laws § 769.11,] is not cognizable as a matter of federal habeas corpus review."); *Grays*, 618 F. Supp. 2d at 747 ("[T]he interpretation and application of state crediting statutes[, Mich. Comp. Laws § 769.11,] . . . is not cognizable on federal habeas review.").

The state courts' rejection of Petitioner's state-law argument is axiomatically correct. The issue Petitioner raises here is simply not cognizable on habeas review.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth

by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, the Court concludes that any appeal would not be in good faith.

The Court will enter a judgment and order consistent with this opinion.


Dated:  October 22, 2019  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE